Arnoux, J.
The plaintiff in this action is a Hebrew, and in rendering a decision herein all the cases wherein the plaintiffs are Hebrews and for that reason alone demand that the defendants may be enjoined from interfering with the prosecution' of their ordinary business on Sunday, are necessarily decided herewith. The learned counsel for the corporation, appearing for the defendants, has presented a preliminary objection, *456 which will be considered in some later cases ; but the view that' the court takes of the law, in respect to the cases under consideration, renders it necessary to discuss it in this opinion. In the argument before the court, the learned counsel for the plaintiff admit that the law which has been incorporated in the new Penal Code, and which for brevity’s sake will be termed the “ Sunday law,” is constitutional, and within the police regulations which the State may lawfully enact. The only question then is, can it apply to those whose religious faith require them to refrain from labor on the seventh day of the wreek ? Whatever may be the views of any individual, favorable or adverse to Sunday laws in general, or to this law in particular, the duty of the court is simple and plain, and that is to declare the law as it exists, leaving its wisdom with the legislature that framed it. The letter of the preliminary section is very lucid. “ The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community ” (§ 259).
This section declares that the acts subsequently ' specified are serious interruptions to the rights of others, and therefore they are prohibited in general.
Is it not obvious that by reason of keeping a store open for business on Sunday a temptation is presented to those who have no regard for Saturday as holy time to violate the law ? If a Hebrew merchant hired only Hebrew clerks, and sold only to Hebrew customers, there probably would be but little inducement for him to keep open on Sunday. The only exception in favor of those who keep Saturday as holy time, has no relation to trades, manufactures or mechanical employment. It has relation only to servile labor, and is most carefully drawn in these words : “It is a sufficient defense to a prosecution for servile labor on the first day of the *457 week that the defendant uniformly keeps another day of the week as holy time, and does not labor on that day, etc.” (§264).
It must appear, therefore, that the accused uniformly keeps another day. holy, and that he does not then labor, and yet this does not protect him from arrest. It can only be shown as a defense to a prosecution.
But the counsel say, cannot these devout Hebrews engage in their usual work on Sunday ? Cannot the tailor cut and sew his cloth, the shoemaker his leather? The law prohibits it although his doors are shut and his labor disturbs no one. This is what the law says. On the first day of the week all trades, manufactures, and mechanical employments are prohibited and all manner of servile labor is prohibited, excepting in works of necessity or charity (§§ 263 and 266). There is no exception that can avail the Hebrew citizen. A violation of these prohibitions is Sabbath breaking (§ 260), and Sabbath-breaking is a misdemeanor for which the offender may be fined and imprisoned (§ 219), and all commodities exposed for sale on the first day of the week in violation of the provisions of this chapter (the Sunday law) shall be forfeited (§ 270).
The punishment is explicit and severe ; but this court, dealing with the question as it relates to all goods, wares,- and merchandise, and to all manufacturing and selling, must declare the law as it exists, and must hold that no sufficient ground has been shown for the exemption claimed by the Hebrew citizens.
Lei us, however, take the other alternative, and declare that the true intent and meaning of this law is “ that it shall not apply to any person or persons doing business in this city who close up their places of business on Saturday and keep them closed during the whole day.”
Nothing more favorable than this could be demanded by the plaintiff. What would be the result then ? We *458 may read it in the case of the City of Shreveport v. Levy (26 La. Am. 671; S. C., 21 Am. R. 553.) The plaintiff there adopted a Sunday ordinance, with the exception therein above quoted. The record showed that many merchants there were Jews, who observed the Jewish Sabbath. The court determined that “ before the constitution Jews and Gentiles are equal; by the law they must be treated alike, and the ordinance which gives to one sect a privilege which it denies to another violates both the constitution and the law, and is therefore both null and void.”
This decision is sound, and is applicable to this case, if any such interpolation could be made in the law.
It therefore follows as an inevitable conclusion, that the motion for the continuance of the injunction must be denied, and that the said injunction must be dissolved.