(18 Misc. Rep. 717.)

### In re AGUDATH HAKEHILOTH.

(Supreme Court, Special Term, New York County. December, 1896.)

CORPORATIONS—APPROVAL OF CERTIFICATE—SUNDAY MEETINGS.

The certificate of incorporation of a membership corporation appointing the annual meetings for the transaction of secular business to be held on Sunday will not be approved by a justice of the supreme court (Laws 1895, c. 559; Gen. Laws, c. 43, § 31), since the holding of such meetings on Sunday is contrary to public policy.

Application by the Agudath Hakehiloth for approval of its certificate of incorporation. Denied.

PRYOR, J. The "approval" of the certificate by a justice of the supreme court is an indispensable requisite to the creation of a "membership corporation." Gen. Laws c. 43, § 31 (Laws 1895, c. 559). Whether such approval shall be conceded or denied is not to be determined arbitrarily or capriciously, but upon reasons of public policy, and by considerations of public interest. In the certificate submitted to me, I observe that the annual meeting of the proposed cor-

poration is appointed to be held "on each and every second Sunday of January of each and every year." It is not a religious corporation (section 30), and its annual meetings are for the performance of precisely such secular business as is transacted by other civil corporations (sections 8–11). The question is not whether such meetings on Sunday are illegal, but whether they should be approved by a justice of the supreme court. A thing may be lawful, and yet not laudable.

"In the state of New York the Sabbath exists as a day of rest by the common law, and without the necessity of legislative action to establish it, and may be protected from desecration by such laws as the legislature, in its wisdom, may deem necessary to secure to the community the privilege of undisturbed worship, and to the day itself that outward respect and observance which may be deemed essential to the peace and good order of society, and to preserve religion and its ordinances from open reviling and contempt." Lindenmuller v. People, 33 Barb. 548. "The Christian Sabbath is one of the civil institutions of the state, and the legislature, for the purpose of promoting the moral and physical well-being of the people, and the peace, quiet, and good order of society, has authority to regulate its observance and prevent its desecration." People v. Moses, 140 N. Y. 215, 35 N. E. 499. That "the first day of the week is by general consent set apart for rest and religious uses" is an express statutory declaration. Pen. Code, § 259. This sanctity of the Christian Sabbath is sanctioned and secured by repeated acts of legislation, extending from the colonial period to the present year (People v. Havnor, 149 N. Y. 195, 201, 43 N. E. 541; Laws 1896, vol. 1, c. 112, § 31); and as well by the impressive deliverances of the court of appeals (Neuendorff v. Duryea, 69 N. Y. 557, 561, 563; People v. Moses, 140 N. Y. 214, 215, 35 N. E. 499).

As justice of the supreme court, I may not approve that which the immemorial and uniform policy of the state condemns. Although not explicitly stated, it is, nevertheless, an inference from the face of the certificate before me that the members of the proposed corporation are of a race and religion by which not the first, but the seventh, day of the week, is set apart for religious observance. The fact might be of decisive importance were a desecration of their holy day contemplated; but the act intended is an aggression upon the Christian Sabbath. The law which scrupulously protects them in the observance of their ceremonial gives them no license, as I am sure they have no desire, to affront the religious susceptibilities of others. True, to a prosecution for work or labor on the first day of the week, the defendant may plead that "he uniformly keeps another day of the week as holy time, and does not labor on that day, and that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first day of the week as holy time" (Pen. Code, § 264); but otherwise the legislation of the state against profanation of the Christian Sabbath is operative and imperative upon all classes of the community (In re King, 46 Fed. 905, 912; Specht v. Com., 8 Pa. St. 312; Scales v. State, 47 Ark. 476, 1 S. W. 769; s. c. 58 Am. Rep. 768, and cases collected in note, page 772;

Cooley, Const. Lim. 476, 477; Anon., 12 Abb. N. C. 455, 457; Quinlan v. Conlin, 13 Misc. Rep. 568, 34 N. Y. Supp. 952). Because the holding of corporate meetings on Sunday is contrary to the public policy of the state, if not to the letter of its law, I decline to approve this certificate.

Application refused.