PEOPLE ex rel. WOODIN v. HAGAN, Warden of City Prison.

(Supreme Court, Special Term, New York County. November, 1901.)

**1. SUNDAY—SALE OF UNCOOKED MEAT.**

Pen. Code, § 267, as amended by Laws 1901, c. 392, allows the sale of food on Sunday before 10 o'clock, and of meals to be eaten on the premises; the amendment further providing that the section should not be construed to permit the public sale of uncooked flesh at any hour of the day. *Held* to prohibit the sale of uncooked meat at any hour whatever on Sunday.

**2. SAME—CONSTITUTIONAL LAW.**

Laws 1901, c. 392, amending Pen. Code, § 267, prohibiting the sale of uncooked meat on Sunday, is not unconstitutional, as in excess of the police power of the legislature.

**3. SAME—WORK OF NECESSITY.**

On trial for sale of uncooked meat on Sunday contrary to law, it cannot be presumed that the sale before 10 o'clock in the morning is a work of actual, present necessity.

Application by the people, on the relation of William Woodin, for a writ of habeas corpus to James J. Hagan, warden of the city prison. Writ dismissed.

Bennet & Silverman (William S. Bennet, of counsel), for relator.

Eugene A. Philbin, Dist. Atty. (Charles E. Le Barbier, Asst. Dist. Atty., of counsel), for respondent.

GIEGERICH, J. The relator is detained upon a charge of selling and delivering uncooked meats on Sunday in the county of New York, and it appears that the sale and delivery took place before the hour of 10 in the forenoon. Under section 267 of the Penal Code, prior to its amendment by chapter 392 of the Laws of 1901, the sale of articles of food generally was permitted on Sunday before 10 o'clock, and the sale of meals, to be eaten upon the premises, was allowed at any time of the day. By the amendment of 1901 the following sentence was added:

"The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day."

It is contended on behalf of the relator that this amendment does not apply to the sale of uncooked meats before 10 o'clock, and that, if it does so apply, the absolute prohibition of the sale of raw food on Sunday is excessive of the police powers of the legislature, and so unconstitutional as an encroachment upon the liberty of the individual. It is clear that the amendment of 1901 does apply to the sale of meats. The section before the amendment permitted the public sale of food, cooked or uncooked, before 10 o'clock; and the amendment must relate to this part of the section, and limit the right of public sale before 10 o'clock to cooked meats, etc. It cannot be made to apply to the sale of meals; for it has no relation to that subject, unless the legislature is to be assumed to have classed as a meal the public selling of uncooked flesh to be eaten upon the premises,—an interpretation not reasonably applicable to the habits of a civilized community. I take the act, therefore, to

intend the prohibition of the sale of uncooked meat at any hour on Sunday, but to allow the sale of meals at any time, and the public sale of cooked meats, etc., before 10 o'clock; and I find no reason for holding that this regulation of Sunday traffic is unconstitutional. Sunday laws prohibiting trade on that day have been held in numerous adjudications to be well within the police powers of the legislature, and have been universally upheld upon the ground that the physical and moral well being of the people may be advanced thereby. Lindenmuller v. People, 33 Barb. 548, 573, 575; People v. Havnor, 149 N. Y. 197, 202, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707. The following instances of judicial expression are pertinent to the question raised by the relator regarding the police powers of the legislature:

In the Lindenmuller Case the court, at page 568, said:

"The legislature are the sole judges of the acts proper to be prohibited, with a view to the public peace, and as obstructing religious worship and bringing into contempt the religious institutions of the people."

And in Neuendorff v. Duryea, 69 N. Y. 557, 563, 25 Am. Rep. 235, 238, the court said:

"The Christian Sunday may be protected from desecration by such laws as the legislature, in its wisdom, may deem necessary; and that it is the sole judge of the acts proper to be prohibited, with a view to the public peace."

Within these adjudications, it was competent for the legislature to place restrictions upon the public sale of food on Sunday; and if it has seen fit to prohibit general marketing on that day, and to permit the sale of cooked meats only, this gives no ground for interference by the courts.

The relator contends, furthermore, that the selling of uncooked meat on Sunday morning is a work of necessity; but there is no proof that, when selling meat as complained of, he was engaged in a work of actual present necessity, and the fact cannot be assumed. 24 Am. & Eng. Enc. Law, 542. The writ must therefore be dismissed, and the relator remanded to the custody of the warden.

Writ dismissed, and relator remanded to the custody of the warden.