SILVERBERG BROS. et al. v. DOUGLASS, Mayor, et al.

(Supreme Court, Special Term, Erie County. February 8, 1909.)

1. CONSTITUTIONAL LAW (§ 84*)—SUNDAY REGULATIONS—RELIGIOUS LIBERTY.
   Pen. Code, § 267, prohibiting the public selling or offering for sale of any property on Sunday, except enumerated articles, is not invalid as an interference with the free exercise of religious worship guaranteed by Const. art. 1, § 3, when applied to persons of the Jewish faith keeping Saturday as holy day.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 154; Dec. Dig. § 84.*]

2. CONSTITUTIONAL LAW (§ 208*)—SUNDAY REGULATIONS—CLASS LEGISLATION.
   Pen. Code, § 267, prohibiting the public selling or offering for sale of any property on Sunday, except enumerated articles, is not objectionable as class legislation because it excepts from the prohibition traffic in enumerated articles.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 660; Dec. Dig. § 208.*]

3. SUNDAY (§ 2*)—SUNDAY LAWS—POLICE POWER.
   Sunday laws are restraints upon civil liberty within the police power, and valid. .
   [Ed. Note.—For other cases, see Sunday, Cent. Dig. § 2; Dec. Dig. § 2.*]

Action by Silverberg Bros. and others against Anthony C. Douglass, Mayor of Niagara Falls, and another. Motion for injunction denied.

Morris Cohn, Jr., for plaintiffs.
F. J. Mackenna, for defendants.

POUND, J. The defendants, the mayor and chief of police of Niagara Falls, threaten to arrest the plaintiffs for keeping open their clothing store on Sunday, in violation of the provisions of section 267 of the Penal Code, which reads as follows:

"All manner of public selling or offering for sale of any property upon Sunday is prohibited, except that articles of food may be sold and supplied at any time before ten o'clock in the morning, and except also that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers;· and prepared tobacco, milk, ice and soda water, in places other than where spirituous or malt liquors or wines are kept or offered for sale, and fruit, flowers, confectionery, newspapers, drugs, medicines, and surgical appliances may be sold in a quiet and orderly manner at any time of the day. The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day."

Plaintiffs are of the Jewish faith, and uniformly keep Saturday as holy time, and do not open their store on that day. They challenge the constitutionality of the section of the Penal Code above quoted as applied to them, on the ground that "the free exercise and enjoyment of religious profession and worship without discrimination or preference," guaranteed to all mankind by section 3 of article 1 of the Constitution of the state of New York, are thereby denied them.

That the Sunday law does not infringe upon the constitutional right has been held repeatedly by the courts of this state. Lindenmuller

v. People, 33 Barb. 548; People v. Moses, 140 N. Y. 214, 35 N. E. 499; People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707; Anonymous, 12 Abb. N. C. 455.

The power of the Legislature to regulate the observance of Sunday as a civil and political institution is too well established to call for discussion. Treated as a novel proposition, it may seem a discrimination against the religious liberty of the Hebrew merchant to compel him to sacrifice the business of two days in the week in order to obey both the dictates of his religion and the law of the state, but this court is bound to accept the law as it has been judicially construed, and it has uniformly been held that our Sunday laws do not interfere with the religious liberty of any person, but are restraints upon civil liberty within the police power, and valid under the Constitution as advancing the physical and moral well-being of the people by prescribing a day of general rest from labor.

That the section is not objectionable as class legislation because it excepts traffic in certain merchandise, follows from the reasoning in the Havnor Case, supra.

Motion for injunction denied.