JULIUS WEISS et al., Copartners Doing Business under the Name of LEVITTOWN FOOD SHOP, Plaintiffs, *v.* JOHN M. BECKMANN, as Commissioner of Police, County of Nassau, Defendant.

Supreme Court, Special Term, Nassau County, February 7, 1950.

*James F. McManus* for plaintiffs.

*Marcus G. Christ, County Attorney (J. Oakey McKnight* of counsel), for defendant.

HOOLEY, J. This action is brought to restrain the Police Department of Nassau County from enforcing the provisions of section 2147 of the Penal Law. This section deals with the Sunday closing of business places. Plaintiffs, by this motion, seek a temporary restraining order claiming that section 2147 is unconstitutional.

In *People* v. *Havnor* (149 N. Y. 195) it was held that the Sunday closing law did not violate the 14th Amendment of the Constitution of the United States or section 6 of article I of the Constitution of the State of New York and further held that no provision of the Federal or State Constitution was violated by the statute.

Plaintiffs stress the fact that they are Hebrews. In *Silverberg Bros.* v. *Douglass* (62 Misc. 340, 342) which was an action to enjoin the police from enforcing what is now section 2147 of the Penal Law, the plaintiffs were of the Hebrew faith and uniformly kept Saturday as holy time and did not open their stores on that day. They challenged the constitutionality of the Sunday law aforesaid. The court held " it has uniformly been held that our Sunday laws do not interfere with the religious liberty of any person, but are restraints upon civil liberty within the police power, and valid under the Constitution as advancing the physical and moral well-being of the people by prescribing a day of general rest from labor ".

A court of equity may exercise its jurisdiction to restrain the police from enforcing a criminal statute, the enforcement of which threatens property damage, only in a case where a clear legal right to the relief is established (*Triangle Mint Corp.* v. *Mulrooney*, 257 N. Y. 200). That clear legal right is not present here. The enforcement of the criminal law by the police is not dependent upon the approval of the people of the community. If people are dissatisfied with the operation of a statute, their remedy is to appeal to the Legislature for a modification of the law.

Motion is in all respects denied.