THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM FRIEDMAN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM PRASKA, Appellant.

Argued October 16, 1950; decided December 1, 1950.

*Leo Pfeffer* and *Will Maslow* for appellants. I. Section 2147 of the Penal Law should be read together with section 2144 to exempt those observing a day other than Sunday as their day of rest. (*People* v. *Adler,* 174 App. Div. 301; *People* v. *Rudnick,* 259 App. Div. 922; *Anonymous,* 12 Abb. N. C. 455; *Martin* v. *Goldstein,* 20 App. Div. 203; *People* v. *Bellet,* 99 Mich. 151; *Story* v. *Elliott,* 8 Cow. 27; *Smith* v. *Wilcox,* 19 Barb. 581, 24 N. Y. 353; *Isaacs* v. *Beth Hamedash Soc.,* 1 Hilt. 469; *Moore* v. *Owen,* 58 Misc. 332; *Krieger* v. *State,* 12 Okla. Cr. 566; *State* v. *Chesney,* 29 Okla. Cr. 251.) II. If article 192 of the Penal Law is not construed to exempt those observing a day other than Sunday as holy time, it must be declared an unconstitutional law respecting an establishment of religion. (*Everson* v. *Board of Educ. of Township of Ewing,* 330 U. S. 1; *Illinois ex rel. McCollum* v. *Board of Educ.,* 333 U. S. 203; *Petit* v. *Minnesota,* 177 U. S. 164; *People* v. *Dunford,* 207 N. Y. 17; *People* v. *Havnor,* 149 N. Y. 195; *Dollar Co.* v. *Canadian Car & Foundry Co.,* 220 N. Y. 270; *Sears, Roebuck & Co.* v. *Ninth Ave.–31 St. Corp.,* 274 N. Y. 388; *People ex rel. Rice* v. *Graves,* 242 App. Div. 128; *Rumsey* v. *New York & N. E. R. R. Co.,* 133 N. Y. 79; *Campbell* v. *International Life Assur. Soc.,* 4 Bosw. 298; *Matter of Rupp,* 33 App. Div. 468; *Soon Hing* v.

*Crowley,* 113 U. S. 703.) III. If article 192 of the Penal Law is not construed to exempt those observing a day other than Sunday as holy time, it must be declared an unconstitutional law prohibiting the free exercise of religion. (*Cantwell* v. *Connecticut,* 310 U. S. 296; *Murdock* v. *Pennsylvania,* 319 U. S. 105; *Follett* v. *Town of McCormick,* 321 U. S. 573; *Reynolds* v. *United States,* 98 U. S. 145; *Davis* v. *Beason,* 133 U. S. 333; *Chaplinsky* v. *New Hampshire,* 315 U. S. 568; *Prince* v. *Massachusetts,* 321 U. S. 158.) IV. Section 2147 unconstitutionally denies defendants and others similarly situated the equal protection of the laws and deprives them of their liberty and property without due process of law in violation of the Fourteenth Amendment of the Federal Constitution and section 11 of article I of the New York Constitution. (*McPherson* v. *Blacker,* 146 U. S. 1; *Skinner* v. *Oklahoma ex rel. Williamson,* 316 U. S. 535; *Myer* v. *Myer,* 271 App. Div. 465, 296 N. Y. 979; *Goesaert* v. *Cleary,* 335 U. S. 464; *Borden's Farm Products Co.* v. *Baldwin,* 293 U. S. 194; *Noyes* v. *Wohl,* 266 App. Div. 52, 291 N. Y. 695; *Jones* v. *Union Guano Co.,* 264 U. S. 171; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150; *Binney* v. *Long,* 299 U. S. 280; *Bayside Fish Flour Co.* v. *Gentry,* 297 U. S. 422.) V. Article 192 has been arbitrarily and discriminatorily enforced against defendants and others similarly situated in violation of the Fourteenth Amendment of the Federal Constitution and section 11 of article I of the New York Constitution. (*Shelley* v. *Kraemer,* 334 U. S. 1; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *McCabe* v. *Atchison, Topeka & S. F. Ry. Co.,* 235 U. S. 151.)

*Will Maslow* and *Joseph B. Robison* for American Jewish Congress and others, *amici curiæ,* in support of appellants' position. The Sabbaths of the Christian, Jewish and other religions have equal standing under American tradition and constitutional principles which recognize the right of all men to worship God in their own way and to observe the Sabbath ordained by their religions. (*Krieger* v. *State,* 12 Okla. Cr. 566; *Marsh* v. *Alabama,* 326 U. S. 501; *Thomas* v. *Collins,* 323 U. S. 516; *West Virginia State Bd. of Educ.* v. *Barnette,* 319 U. S. 624.)

*Frank E. Karelsen, Jr., Mary Gardiner Jones* and *Richard H. Baker* for American Civil Liberties Union, *amicus curiæ,* in support of appellants' position. Section 2147 of the Penal Law, as construed by the court below, violates the religious freedom provisions of the First and Fourteenth Amendments of the United States Constitution. (*West Virginia State Bd. of Educ.* v. *Barnette,* 319 U. S. 624; *Cantwell* v. *Connecticut,* 310 U. S. 296; *Butchers Union Co.* v. *Crescent City Co.,* 111 U. S. 746; *Truax* v. *Raich,* 239 U. S. 33; *Murdock* v. *Pennsylvania,* 319 U. S. 105; *Follett* v. *Town of McCormick,* 321 U. S. 573.)

*Frank S. Hogan, District Attorney (Edwin C. Hoyt, Jr.,* of counsel), for respondent. I. Section 2147 is constitutional. The Sunday law is a valid health measure and does not impair religious liberty. (*People* v. *Havnor,* 149 N. Y. 195; *Silverberg Bros.* v. *Douglass,* 62 Misc. 340; *Hennington* v. *Georgia,* 163 U. S. 299; *Soon Hing* v. *Crowley,* 113 U. S. 703; *Lindenmuller* v. *People,* 33 Barb. 548; *Commonwealth* v. *Has,* 122 Mass. 40; *Petit* v. *Minnesota,* 177 U. S. 164; *People* v. *Hoym,* 20 How. Prac. 76; *Everson* v. *Board of Educ. of Township of Ewing,* 330 U. S. 1; *Reynolds* v. *United States,* 98 U. S. 145.) II. Section 2147 does not deprive defendants of equal protection of the laws. (*People* v. *Dunford,* 207 N. Y. 17; *People* v. *Havnor,* 149 N. Y. 195; *Petit* v. *Minnesota,* 177 U. S. 164; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Snowden* v. *Hughes,* 321 U. S. 1; *Thompson* v. *Spear,* 91 F. 2d 430, 302 U. S. 762.) III. Section 2144 has no application to a prosecution under section 2147. (*People* v. *Havnor,* 149 N. Y. 195; *People* v. *Rudnick,* 259 App. Div. 922; *People* v. *Adler,* 174 App. Div. 301; *Commonwealth* v. *Starr,* 144 Mass. 359; *Commonwealth* v. *Has,* 122 Mass. 40.)

*Per Curiam.* In the light of its historical background, section 2144 of the Penal Law may not reasonably be read into section 2147, dealing with " public selling * * * upon Sunday " (L. 1785–1788, Vol. 2, pp. 679–680; 1 Rev. Stat of N. Y., 1828 [1st ed.], part I, ch. XX, tit. VIII, art. 8, pp. 675–676; *ibid.* 1836 [2d ed.], Vol. 1, p. 675; *ibid.* 1845 [3d ed.], Vol. 1, pp. 849–850; *ibid.* 1851 [4th ed.], Vol. 2, p. 83; *ibid.* 1858 [5th ed.], Vol. 2, p. 936; *ibid.* 1875 [6th ed.], Vol. 2, pp. 928–929; *ibid.* 1881 [7th

ed.], Vol. 3, p. 1975; L. 1881, chs. 676, 680, Vol. 1, pp. 913,. 917; *ibid.* Vol. 3 [Penal Code], pp. 62–67; *ibid.* 1883, ch. 358, p. 541; *ibid.* 1885, ch. 519, p. 875). The exempting language of those enactments over a period of more than a century and a half refers only to laboring or working and excludes selling. For almost three quarters of a century this has been the uniform interpretation given to the exemption clause by our courts (*Anonymous,* 12 Abb. N. C. 455; *Matter of The Agudath Hakehiloth,* 18 Misc. 717; *People* v. *Adler,* 174 App. Div. 301; *People* v. *Rudnick,* 259 App. Div. 922). Other jurisdictions have reached similar conclusions (*State* v. *Haining,* 131 Kan. 853, 854–855; *Komen* v. *City of St. Louis,* 316 Mo. 9, 17; *Commonwealth* v. *Has,* 122 Mass. 40; *Commonwealth* v. *Starr,* 144 Mass. 359; *Commonwealth* v. *Kirshen,* 194 Mass. 151; *State* v.. *Weiss,* 97 Minn. 125, 130).

We are bound to construe statutes as we find them and may not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers (*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634, 639; *Matter of Russo* v. *Valentine,* 294 N. Y. 338). A plea that a statute imposes inconvenience or hardship upon a litigant should be addressed to the Legislature; we may not usurp its functions by legislating judicially (*United States* v. *Carolene Products Co.,* 304 U. S. 144).

Nor may we say that section 2147 of the Penal Law is unconstitutional because of infringement upon religious freedom. It is not a " law respecting an establishment of religion, or prohibiting the free exercise thereof " (U. S. Const., 1st Amendt.). It does not set up a church, make attendance upon religious worship compulsory, impose restrictions upon expression of religious belief, work a restriction upon the exercise of religion according to the dictates of one's conscience, provide compulsory support, by taxation or otherwise, of religious institutions, nor in any way enforce or prohibit religion. Although the so-called Sunday laws may be said to have had a religious origin, our statute since 1881 (Penal Code, § 259, now Penal Law, § 2140) has also recognized that the first day of the week by general consent is set apart " for rest ", in accord with the general experience of mankind that it is wise and neces-

sary to set apart such a day at stated intervals for both the physical and moral welfare of the members of a State or community. The power of the Legislature to regulate the observance of Sunday as a civil and political institution is well settled (*Soon Hing* v. *Crowley,* 113 U. S. 703, 710; *Hennington* v. *Georgia,* 163 U. S. 299, 304, 318; *Petit* v. *Minnesota,* 177 U. S. 164, 165; *People* v. *Moses,* 140 N. Y. 214, 215; *People* v. *Havnor,* 149 N. Y. 195, 201–203, writ of error dismissed *sub nom. Havnor* v. *New York,* 170 U. S. 408; *Silverberg Bros.* v. *Douglass,* 62 Misc. 340, 342; see, also, *People* v. *Dunford,* 207 N. Y. 17, 20; *People ex rel. Woodin* v. *Hagan,* 36 Misc. 349; 50 Am. Jur., Sundays and Holidays, pp. 803–804). The cases cited by appellants involve completely dissimilar fact patterns. Section 161 of the Labor Law is for the benefit of the *individual* workman, and is not a substitute for the Sunday laws, which establish a *general* day of rest and repose for the community as a whole.

Section 2147 may not be said to deny the equal protection guaranteed by the Fourteenth Amendment by reason of being discriminatory class legislation. The statutory scheme is that of a general prohibition against specified activities on Sunday with some exceptions as to necessities, recreation and conveniences, many of which exceptions merely emphasize that the Legislature recognizes Sunday as a day for rest, play, relaxation and recreation rather than merely as a religious Sabbath. The statutory scheme viewed as a whole is a valid one and does not constitute discrimination (*Petit* v. *Minnesota, supra; People* v. *Dunford, supra; People* v. *Havnor, supra; People* v. *Moses, supra; Silverberg Bros.* v. *Douglass, supra*). While the statute may not be perfectly symmetrical in its pattern of exclusions and inclusions, the equal protection of the laws does not require a Legislature to achieve " abstract symmetry " (*Patsone* v. *Pennsylvania,* 232 U. S. 138, 144) or to classify with " mathematical nicety " (*Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78; *Borden's Farm Products Co.* v. *Baldwin,* 293 U. S. 194, 209).

Finally, the claim that the statute has been consistently enforced discriminatorily in violation of the equal protection clause of the Fourteenth Amendment and section 11 of article I of the New York State Constitution is without merit (*Snowden*

v. *Hughes,* 321 U. S. 1, 8). The offer of proof was not an offer to show a pattern of discrimination consciously practiced, as in *Yick Wo* v. *Hopkins* (118 U. S. 356); it merely indicated some nonenforcement as to certain other businesses many of which were allowed to remain open for the sale of permitted commodities.

The defendants' remedy lies with the Legislature.

The judgment of the Appellate Division should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.