John J. Walsh, J.
Defendant moves to set aside a x-'crdict of the jury. The grounds for said motion were:
(a) That the verdict is contrary to laiv and clearly against the evidence.
(b) The court erroneously instructed the jury that the defendant had the burden of proof Avith respect to establishing its defense that the statute was enforced against it in violation of the Fourteenth Amendment of the United States Constitution.
(c) The court erroneously excluded the testimony of the defendant’s witness concerning evidence AArhich said Avitness had *577 submitted to the Grand Jury which returned the instant indictment.
The verdict was not against the weight of the evidence or contrary to law. The jury obviously accepted the People’s testimony that defendant corporation sold articles to the police officer which were prohibited by section 2147 of the Penal Law.
No error was committed by the court in instructing the jury. In charging the jury this court said: “ The claim is also advanced here that the statute is here being enforced discriminatorily in violation of the equal protection clause of the Fourteenth Amendment and Section 11 of Article I of the New York State Constitution. To be available to the defendant as a defense to this indictment requires that the defendant prove to your satisfaction that there has been a consistent pattern of discrimination against the defendant and others in the same special class as the defendant and that this pattern of discrimination was consciously practiced by the public authorities. ’ ’
This was followed by the statement that the burden of proof to show the guilt of the defendant never moves from the prosecution to the defendant; that the defendant is presumed innocent, and that it is not called upon to prove its innocence; that there was still the burden on the People to prove beyond a reasonable doubt the guilt of the defendant of selling prohibited articles on a Sunday. This was followed by the statement, ‘‘1 merely said in this defense, if the defendant raises that defense, then the burden is upon him [it] to show the conscious discrimination ”.
While the burden of proof does not shift to the defendant to prove its innocence of the essential elements which make up the crime, it is its duty to produce the proof which it relies on as showing its defense (People v. Stern, 201 App. Div. 687).
Cases which involve defenses of self-defense, alibi and insanity are not analogous to the instant defense. In each of these cases, the duty to come forward with proof is upon the defendant in which event the People still have the burden of overcoming such defense by proof beyond a reasonable doubt. This is true because the defenses go to the very essence of the proof required for conviction.
In the instant case the defendant does not deny the essential essence of the offense but claims that as to it, because of discrimination in enforcement, it is a void statute.
Since the statute in question has been held constitutional by the highest court in the State of New York, it was the duty of defendant to come forward with proof to show a pattern of discrimination consciously practiced (People v. Friedman, 302 N. Y. 75, certiorari denied 341 U. S. 907).
*578 The charge given to the jury was not hastily or carelessly formulated. It was developed from the following opinions:
‘ The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person, cf. McFarland v. American Sugar Co., 241 U. S. 79, 86-7, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself, Yick Wo v. Hopkins, 118 U. S. 356, 373-4. But a discriminatory purpose is not presumed, Tarrance v. Florida, 188 U. S. 519, 520 ; there must be a showing of ‘ clear and intentional discrimination, ’ ’ ’ (Snowden v. Hughes, 321 U. S. 1, 8).
“ Finally, the claim that the statute has been consistently enforced discriminatorily in violation of the equal protection clause of the Fourteenth Amendment and section 11 of article I of the New York State Constitution is without merit (Snowden v. Hughes, 321 U. S. 1, 8). The offer of proof was not an offer to show a pattern of discrimination consciously practiced, as in Yick Wo v. Hopkins (118 U. S. 356); it merely indicated some nonenforcement as to certain other businesses many of which were allowed to remain open for the sale of permitted commodities.” (People v. Friedman, 302 N. Y. 75, 80-81.)
Finally, defendant urges that the court erroneously excluded testimony concerning evidence submitted to the Grand Jury showing violations by other persons. This was not erroneous but proper under the Friedman case (supra).
The motion to set aside the verdict is denied.
The second motion is in arrest of judgment on the ground that section 2147 of the Penal Law is in conflict with the Federal and State Constitutions and therefore the court is without jurisdiction to pronounce judgment.
The defendant urges that the constitutionality of Sunday statutes of the States of Maryland, Massachusetts and Pennsylvania, is presently being tested in the United States Supreme Court and that the cases were argued in December, 1960 and that a decision is to be handed down soon.
For this court to grant the motion at this time to arrest judgment would be to run counter to the decision of our own Court of Appeals upholding its constitutionality (People v. Friedman, supra). To deny the motion at this time would presume upon the prerogative of the United States Supreme Court and to *579 force the defendant within 30 days to appeal what may very well become academic.
Since it does not appear that the People will be prejudiced if decision on the pending motion in arrest of judgment is delayed until the court has handed down its decision, decision is reserved. Further proceedings in this case and for imposing sentence are adjourned to the April Trial Term of this court, on April 11,1961 at 10:00 a.m.