Herman Weinkrantz, J.
The defendant herein is charged with the misdemeanor of violating the provisions of section 2147 of the Penal Law of the State of New York in that he is alleged “ to have publicly offered for sale, sold and caused to be sold can [sic] goods on Sunday, July 22,1962, at 10:10 a.m. thereof.”
The law with respect to these Sunday law cases is well settled by decisions of the Court of Appeals of this State and by those of the United States Supreme Court. Merely to cite McGowen v. Maryland (366 U. S. 420); Two Guys v. McGinley (366 U. S. 582); Braunfeld v. Brown (366 U. S. 599) and Gallagher v. Crown *297 Kosher Market (366 U. S. 617) all decided by the United States Supreme Court at the May 1961 Term is to dispose of all constitutional objections raised by the defendant. In addition thereto, the New York Court of Appeals has had before it the same statute attacked here and in People v. Friedman (302 N. Y. 75, appeal dismissed for want of a substantial Federal issue 341 U. S. 907), it rejected all attacks on constitutional grounds, affirmed the conviction of the defendant and concluded a unanimous Per Curiam opinion (p. 80) as follows: “The defendant’s remedy lies with the Legislature.”
In Braunfeld v. Brown (supra, p. 605) Chief Justice Warren stated: ‘ ‘ the statute at bar does not make unlawful any religious practices of appellants; the Sunday law simply regulates a secular activity and, as applied to appellants, operates so as to make the practice of their religious beliefs more expensive. ’ ’ In a separate concurring opinion in McGowan v. Maryland (supra, pp. 507-509) Mr. Justice Frankfurter stated: “ The question before the Court in these cases is not a new one. During a hundred and fifty years Sunday laws have been attacked in state and federal courts as disregarding constitutionally demanded Church-State separation, or infringing protected religious freedoms, or on the ground that they subserved no end within the legitimate compass of legislative power * * * Every other appellate court that has considered the question has found the statutes supportable as civil regulations and not repugnant to religious freedom. ’ ’
The precise and definite nature of the holdings of our highest courts in these Sunday law cases is ably presented also in the December, 1961, issue of the Western Reserve Law Review (vol. 13, No. 1, pp. 25-30) captioned “ The Sunday Law Cases ” by Leo Pfeifer, General Counsel of the American Jewish Congress and, incidentally, the attorney who represented the defendant in People v. Friedman (supra). Accordingly this court finds no merit to any constitutional objections raised by the defendant and overrules them all.
There is, however, one new feature in this case. That is the presentation of a motion requiring a hearing by this court, by the taking of testimony, on the issue of discriminatory enforcement of the statute herein (Penal Law, § 2147). As authority for this procedure the defendant relies upon the case of People v. Utica Daw’s Drug Co. (16 A D 2d 12 [4th Dept., 1962]). The People having consented to the granting of the motion to the extent that a hearing be held, such hearing was held before me, the testimony was taken and decision was reserved.
*298 In People v. Utica Daw’s (supra) the defendant operated a ‘ ‘ ent-rate ’ ’ drugstore on Sundays. At the trial for the Sunday sale of prohibited articles the defendant offered to prove that 21 other drugstores had, on Sundays, been selling the same proscribed items. The trial court rejected the offers of proof and the Appellate Division of the Fourth Department reversed the conviction “ because of errors in the exclusion of evidence ” (p. 15) holding (also p. 16) that the defendant’s claim of discriminatory enforcement should not be treated as a defense to be presented at the trial, but rather that the court “ should take the evidence in the absence of the jury and decide the question itself. If the court finds that there was an intentional and purposeful discrimination, the court should quash the prosecution ”.
At the hearing herein the defendant adduced proof which established that certain department stores accepted telephone orders on Sundays, motion picture theatres were open on Sundays, newspapers were published and newsstands were operated on Sundays and that many other services, including museums and sight-seeing services and radio and television broadcasts, were being operated and conducted on Sundays.
The question for determination then is whether the defendant has met the burden of proof required by People v. Utica Daw’s (supra) wherein the court stated (p. 19): “ A heavy burden rests on the defendant to establish conscious, intentional discrimination ’ ’. In that case the defendant offered no proof about department stores, movie houses, newspapers or newsstands, radio and television or any other matters adduced by the defendant herein. In Utica Daw’s the defendant offered to prove that 21 competitors, in the same business and in the same city, did precisely what it did but were not prosecuted therefor. Whether such lack of enforcement constituted a conscious, intentional discrimination was the issue set down for a hearing in the Utica Daw’s case, with no finding whether or not it did so.
It must be noted that People v. Utica Daw’s (supra) relies upon Yick Wo v. Hopkins (118 U. S. 356). In Tick Wo a San Francisco building ordinance was enforced against Chinese laundrymen only. At page 374 the court stated: “And while the consent of the supervisors is withheld from them and from two hundred others who have also petitioned, all of whom happen to be Chinese subjects, eighty others, not Chinese subjects are permitted to carry on the same business under similar conditions.” The sharpness of the issue and the proof in Tick Wo are clearly distinguishable from the proof in the case at bar. This is true also of the issue and the offer of proof in Utica *299 Daw’s as contrasted with the issue and the proof in the case before me.
Page 1 of defendant’s brief describes the defendant herein as 11 the proprietor of a modest grocery establishment.” Though there is no proof thereof in the record, the court will assume this to be a fact conceded by the prosecution for the purposes of this hearing. The defendant has submitted no evidence whatsoever of any grocery store or grocery business being open on Sundays. No proprietor, operator or employee of any grocery establishment, modest or otherwise, was called as a witness by the defendant. Nowhere in the record is there any testimony by anyone who bought canned goods on any Sunday, sold canned goods on any Sunday, or who publicly offered canned goods for sale or caused them to be sold on a Sunday. The defendant has produced no evidence to establish that some stores were not permitted to sell canned goods on Sundays while others were permitted to make such sales. The defendant has offered no evidence at all with respect to any alleged discrimination in the enforcement of the statute against him or his business. Indeed, if any of the defendant’s proof herein is relevant at all, it cannot, by any reasonable interpretation be equated with the evidence offered in Utica Daw’s. If he has proved anything at all herein, the defendant has proven merely some nonenforcement of the statute and that some other and nonrelated businesses were permitted to operate on Sundays.
It would not be amiss to state here that while procedurally Utica Daw’s may present a new technique, as a matter of substantive law it adds nothing new. In People v. Friedman (302 N. Y. 75, 80-81, supra) the Court of Appeals stated: “ Finally, the claim that the statute has been consistently enforced diseriminatorily in violation of the equal protection clause of the Fourteenth Amendment and section 11 of article I of the New York State Constitution is without merit (Snowden v. Hughes, 321 U. S. 1, 8). The offer of proof was not an offer to show a pattern of discrimination consciously practiced, as in Yick Wo v. Hopkins (118 U. S. 356); it merely indicated some nonenforcement as to certain other businesses many of which were allowed to remain open for the sale of permitted commodities. ’ ’
This court has carefully considered the record on appeal in the Friedman case and. finds that the offer of proof therein consisted of substantially the same items which were actually received in evidence in the instant case. These very same facts and the very same statute having been before the Court of Appeals in People v. Friedman (supra), I see no distinction between the Friedman ease and the case before me.
*300 Accordingly I find, on the facts and on the law, that the defendant has failed, at this hearing, to prove that the statute in question has been discriminately enforced against him. The demurrer is in all respects disallowed. The defendant will plead to the complaint or information and stand trial on the charge therein contained. The application to dismiss or quash the proceedings is, in all respects, denied.