Aaron F. Goldstein, P. J.
The defendant is charged with a violation of section 2147 of the Penal Law, known as the Sabbath or Blue Laws.
On the trial, the police officer testified and the defendant conceded, that on Sunday, November 4, 1962, at about 1:05 p.m., he ■sold two quarts of milk, a loaf of bread, two bars of soap and some canned food to a customer; and that he sold milk, bread, corn flakes and crackers to another customer. The defendant further testified that he was a scrupulously religious man of the Hebrew Faith and that he keeps as his holy time, the period from sunset on Friday to darkness on Saturday, during which time he is restrained by the commandments of his religion from performing any labor or work, which includes buying and selling. The defendant went on further to testify that he operates a one-man grocery store at 495 Atkins Avenue, Brooklyn, which is his sole source of income by which he supports himself, his wife and three children. He is 43 years of age and has no capital for another business. He has no education nor training for some other vocation or profession. He tried working at a factory for nine months in order to learn shirt-making, at which he received *792 $28 or $29 per week. He then tried operating a chicken farm for seven years, bnt when that proved unprofitable he entered the grocery business which he presently operates and has operated for three years. This business supplies him with a bare existence, from which he nets approximately $85 per week. His Sunday business accounts for about $35 of his net income. There was other testimony in the case by the police officer to the effect that defendant’s keeping his grocery store open on Sunday did not offend others in the community who practiced a different religious belief.
On the testimony, the court finds as a fact, that this defendant cannot survive economically without conducting business on Saturday after sundown and .Sunday. Pursuing this practice of keeping open on Sunday, necessarily involved the defendant in a violation of a Penal Law statute.
For the law to compel the defendant to be open on Saturday involves the State in transgressing this defendant’s constitutional right to “ The free exercise and enjoyment of religious profession and worship, without discrimination or preference ” (N. Y. Const., art. I, § 3; emphasis added). The First Amendment of the Federal Constitution, too, by virtue of the Fourteenth Amendment, now limits the State from interfering with the free exercise of religion (Engel v. Vitale, 370 U. S. 421). Where, as here, a statute collides with a constitutional right, it is elementary that the statute must fall.
This court does not intimate by this decision that this statute (Penal Law, § 2147) is unconstitutional. The contrary has been held by authority — which we are powerless to question (People v. Friedman, 302 N. Y. 75). Likewise, a similar statute has been held consistent with the United States Constitution by the Supreme Court of the United States in Braunfeld v. Brown (336 U. S. 599).
Under section 2147 of the Penal Law, it is not a defense that the defendant observes as a Sabbath, a day other than Sunday; nor that persons who observe Sunday, as their Sabbath, are not offended by the defendant’s sales during prohibited hours on Sunday, and such statute is constitutional (People v. Friedman, 302 N. Y. 75, appeal dismissed 341 U. S. 907; Powell v. Oser, 9 Misc 2d 585; People v. Kupprat, 6 N Y 2d 88).
The defendant urges 1 ‘ economic coercion ” as a defense and he relies heavily on the case of Braunfeld v. Brown (366 U. S. 599) contending that it inferentially holds that a Sabbath law, as applied to an Orthodox Jew, is unconstitutional if he is not capable of supporting his family in some other commercial activity which does not call for work on .Saturdays and Sundays. *793 The aforesaid statement is dicta only and that contention is not actually supported by that case. The decision therein is to the contrary.
Perhaps, if the present learned Supreme Court of the United States had the opportunity, at this time, on the facts in this case, it would hold unconstitutional an edict which heretofore was held constitutional, as it did in June, 1962, in the case of Engel v. Vitale (370 U. S. 421, supra) wherein the court enunciated a proposition of law, which up to that time was constitutional. The question to be determined in the instant case is ‘1 How can a Sabbath observer be a Sabbath violator ? ”
This court is, indeed, sympathetic to the plight of the defendant, yet this court may not sit in review of the discretion of the Legislature in exercising its constitutional powers nor can the court overlook the established law on this subject by our appellate courts. The Legislature having created this law, the defendant should, and others similarly situated, address their plea of hardship to the Legislature. This court may not usurp the functions of the Legislature. A trial court may only adjudicate, it cannot legislate (United States v. Carolene Prods. Co., 304 U. S. 144; People v. Friedman, 302 N. Y. 75, supra; People v. Kupprat, 6 N Y 2d 88, supra).
The court decries the unfortunate position in which the defendant and others similarly situated find themselves. It is aware too, of the hardship imposed upon one who scrupulously seeks to follow the commandments of his religion, profession and belief. It is for that reason that the court subscribes to the sentiments reflected in the dissenting opinion of Judge Shaeleck. Unfortunately, these sentiments are not supported by the law. A hopeful trend now appears on the legislative horizon that may bring about a change in the present legal complexion of the existing Sabbath law in our State. This Judge, having heretofore served as a member of the Legislature, and as far back as the years 1934, 1935 and 1936, and again in 1940 and 1941, sought to amend the law, because of the hardships it imposed upon the devoutly religious, most respectfully recommends to that august body, the urgency for the abolition of this section in its present form, so that the scrupulously religious of any faith be in a position to follow their religious commandments without interference from law-enforcement agencies, and certainly without ‘ ‘ economic coercion ’ ’. This would be in consonance with the constitutional prescription assuring to all, the “free exercise and enjoyment of religious profession and worship, rvithout discrimination or preference ”.
*794 The defendant’s motion to dismiss the information is denied and the defendant is found guilty.