Chief Judge Desmond
(dissenting). I protest what appears to be the introduction into our criminal law of a novel and mischievous defense. Is a person guilty of crimes to go free because local officials were actuated by corrupt or vengeful motives in prosecuting? There is no precedent for such a holding. It will certainly worsen the current crisis in criminal law enforcement if we let the culprit go free because the police officer or inspector has not proceeded against every other guilty person. The gambler and the narcotics peddler (even the speeder) will have a new kind of license to violate the law. None of the earlier decisions go so far. From Yick Wo v. Hopkins (118 U. S. 356) to People v. Utica Daw’s Drug Co. (16 A D 2d 12) the cited cases all refer to a “ pattern of discrimination ” (see People v. Friedman, 302 N. Y. 75, 81) meaning a situation where the statute itself contemplates or leads to discrimination or where a generally unenforced law is dug up to harass a particular defendant or group. What has all this to do with the State Multiple Dwelling Law and the New York City Admin *903 istrative Code sections which, as our own records show, are enforced against building owners in thousands of cases?
I would affirm.