Burke, J.
(dissenting). If the constitutional defense of unequal protection of the laws were maintainable solely upon a showing of bad motive .on the part of those responsible for the placing of the violations of which appellant is admittedly guilty, then I would concur for reversal. This, however, is not the law; nor does the court say it is. Since the legislation under which appellant has been convicted is itself valid, and since appellant is admittedly guilty of the violations, the defense of unequal protection is established only upon a showing of both bad motive in the subject case and nonenforcement as to others similarly situated (People v. Friedman, 302 N. Y. 75; People v. Utica Daw’s Drug Co., 16 A D 2d 12). The element of uneven enforcement is of the very essence and substance of the constitutional claim. The violations are not hypertechnical nor have they fallen into a sort of desuetude. The violations, among which are the creation of an additional room by a partition, an additional class B room out of a vestibule, and the maintenance of a defective sprinkler valve, are, in my experience, commonly enforced in New York City. In any event they should not be assumed to be dead letters in the total absence of evidence to that effect.
The fact that the trial court was apparently prepared to exclude any evidence other than that bearing directly on guilt or innocence does not excuse appellant from offering to prove all of the elements of her defense. Concededly, all her offers of proof went solely to the point of bad motive in her individual case. Sympathetic as we may be toward appellant’s unfortunate position as the result of what she alleges were numerous bribe solicitations by Building Department officials, we have no license to play fast and loose with the elements of so volatile a doctrine as equal protection of the laws. If the statutory requirements to which appellant was held were generally enforced, then there was no infringement of her constitutional right when she was prosecuted for their violation—no matter how contemptible may have been the motives of those who enforced the law. Were the law otherwise all enforcement proceedings could be turned into subjective expeditions into motive without the stabilizing, objectively verifiable, element of an unequal pattern *904 of enforcement. No one has a constitutional right to random enforcement of the law. No one has a constitutional right to sincere enforcement of the law. The right is to equal enforcement of the law. All of the cases dealing with this question have required such a showing, from Yick Wo v. Hopkins (118 U. S. 356), where discrimination against Chinese laundries was established, down to this State’s leading case, People v. Utica Daw’s Drug Co. (16 A D 2d 12, supra), where the defendant showed that only cut-rate drugstores in Utica were held to the requirements of section 2147 of the Penal Law. Appellant, after all, has the burden of proof of all the elements of this defense * and if in fact the violation of which she is guilty were not enforced against others similarly situated it would not be difficult to so prove. Building Department records are amenable to subpoena and the Building Department officials who testified could have been questioned as to the pattern of enforcement of the relevant regulations. None of this was done. According to the respondent, this omission was calculated because it would have shown that the rigorous inspection to which appellant’s building was subjected was the result of an established policy of reinspecting all buildings previously inspected by an official under suspicion of misconduct — as was the case with appellant’s building. Whether this is true or not is a question essential to appellant’s defense and one which she ought to have pursued at the trial in order to now make her constitutional argument. Not having done so, she is without remedy in this court. I would affirm.
Judges Dye, Fuld, Van Voorhis and Bergan concur in Memorandum ; Chief Judge Desmond and Judge Burke dissent in separate opinions in each of which the other concurs and in both of which Judge Scileppi concurs.
Judgment reversed, etc.

 A denial of equal protection is not a defense to the criminal prosecution in the ordinary sense in which, when the point is- raised, the prosecution has to prove beyond a reasonable doubt that it is not discriminating. It is in the nature of an injunctive proceeding to bar prosecution of a crime regardless of guilt — which the defendant must establish to the court, not the jury, “by a clear preponderance of the proof ” (People v. Utica Daw’s Drug Co., 16 A D 2d 12, 18, supra).