Aaron F. Goldstein, J.
The defendant is charged, in each case, with operation of a beauty parlor on Sunday in violation of section 8 of the General Business Law, which provides: “ All trades, manufacturers, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.”
Violation of section 8 is Sabbath breaking and is a misdemeanor (General Business Law, §§ 2, 3 and 4).
The defendant’s beauty parlor is located in a community wherein the residents are primarily of the Jewish faith and observe the Sabbath during the day commencing on Friday at sundown and ending on Saturday at sundown. Out of respect for the religious convictions of this large segment of the community, the defendant regards the period from sundown on Friday to sundown on Saturday as holy time and keeps his beauty parlor closed throughout such period. The defendant operates his beauty parlor on Sundays for the convenience of women of the community, and for him to keep the beauty parlor closed on Sundays would entail financial loss.
*732 This court has held, in People v. Finkelstein (38 Misc 2d 791, affd. 41 Misc 2d 35, affd. 14 N Y 2d 608) that where a grocer kept his store closed from sunset on Friday until sunset on Saturday and it was shown that he could not survive economically if the store were closed both Saturday and Sunday, that the defendant was nevertheless guilty of Sabbath breaking ; and the court recommended that the Legislature amend the Sabbath laws to relieve an apparent undue hardship on those who regard Saturday as holy time.
Thereafter, the Legislature enacted amendments to the former Sabbath laws, culminating in the enactment of section 10 of the General Business Law, to provide a defense to a prosecution for Sabbath breaking. However, section 10 is so ambiguous and vague as to preclude practical application. The final paragraph of section 10 states: ‘ ‘ The term ‘ day of the week ’ as used in this section shall mean and include the period of time of not less than twenty-four consecutive hours commencing at or before sundown on one day and terminating at or after sundown on the following day. ’ ’
In the light of section 19 of the General Construction Law, which provides: “A calendar day includes the time from midnight to midnight. Sunday or any day of the week specifically mentioned means a calendar day”, this court encounters difficulties in the initial portions of section 10 of the General Business Law which provide:
* ‘ Notwithstanding any other provision of law, it shall be a sufficient defense to a prosecution pursuant to this article, for conducting any trade or business or public selling or offering for sale of any property on Sunday, that the defendant
“ (1) as the proprietor of such business, uniformly keeps another day of the week as holy time and keeps his place of business closed on the seventh day of the week ”.
Under section 19 of the General Construction Law, the specific mention of “ Sunday ” in the foregoing quotation means a calendar day and is the period from midnight Saturday to midnight Sunday. Because of the mandatory definition of the term “ day of the week ”, as contained in section 10 of the General Business Law, it becomes necessary for this court to ascertain what period of ‘ ‘ twenty-four consecutive hours ' ’ is meant by the term ‘ ‘ seventh day of the week ’ ’ as used in such section. As Sunday is the first calendar day of a calendar week, we assume that the word ‘ ‘ week ’ ’ means a period of seven days, the first day of which commences on Sunday at or before sundown and ends at or after sundown on Monday, and the “ seventh day of the week” commences at or before sundown on Saturday and ends at or after sundown on Sunday. While such interpretation *733 is probably contrary to the actual intention of the Legislature, the language used must be strictly interpreted as such section is an exception to the public policy setting aside Sunday as a day of repose. (People v. Berkowitz, 54 Misc 2d 156.) Furthermore, this court may only "adjudicate, it cannot legislate (United States v. Carotene Prods. Co., 304 U. S. 144; People v. Friedman, 302 N. Y. 75; People v. Kupprat, 6 N Y 2d 88).
Therefore, I must reluctantly hold that section 10 of the General Business Law affords no defense to the defendant herein and respectfully urge the Legislature to amend this section to afford relief to persons who observe a day other than Sunday as holy time, and are prosecuted for Sabbath breaking.*
"While the statutory defense offered by the defendant must be held insufficient, there remains the primary question of whether or not the operation of a beauty parlor on Sunday is prohibited by section 8 of the General Business Law. The answer to such question turns upon the meaning of the word “ trades ” as used in that section.
Article 27 of the General Business Law, relating to the practice of hairdressing and cosmetology, regulates the operation of beauty parlors. It defines “ beauty parlor ” as meaning a place or premises wherein hairdressing and cosmetology are practiced (General Business Law, § 401, subd. 4). At no place in article 27 is the practice of hairdressing and cosmetology referred to as a “ trade ”. On the contrary it is universally therein referred to as the “ practice of hairdressing and cosmetology ”.
The licensing provisions of article 27, relating to a person engaged in the practice of hairdressing and cosmetology, are both more stringent and comprehensive than those of other laws relating to a person engaged in a trade. A person desiring to engage in the practice of hairdressing and cosmetology must establish to the satisfaction of the Secretary of State that he is a person of good moral character, that he has an elementary education, that he has successfully completed a course of study in a school of hairdressing and cosmetology duly licensed pursuant to the Education Law or approved by the Board of Regents; and must furnish a certificate of a duly licensed *734 physician that he is free froto any infections or cotomfinicahle disease, and he toust demonsttate his ability and fitness to practice hairdressing and eostoetology by passing an examination or tests prepared by the Secretary of State (General Bttsiness Law, § 402).
Therefore, this court holds that the operation of a beauty • parlor on a Sunday does not constitute engaging in trade on Sunday and is not prohibited by section 8 of the General Business Law.
Accordingly, the defendant’s motion to dismiss ' the informations is granted.

 The Legislature may clarify the meaning of section 10 of the General Business Law by amending the final paragraph thereof to read: The term “ day of the week ” as used in this section shall mean either a calendar day or any period of time of not less than twenty-four consecutive hours commencing at or before sundown on one day and terminating at or after sundown on the following day, as well as any other period of twenty-four consecutive hours. (Italicized words being new.) (Compare with final paragraph of section 2147-a of the former Penal Law from which section 10 of the General Business Law was derived.)