Joseph P. Kuszyhski, J.
Questions have been raised on interpretation of section 2147 of the Penal Law, which makes it a misdemeanor to offer and sell meat on a Sunday.
The prosecution and the defense are in accord as to the facts; the police officer, on a Sunday afternoon at approximately 1:00 p.m. at a self-service market, serviced himself by selecting a frozen piece of steak; he then approached the exit where at the check-out station was the defendant whose function was to collect payment as the customers left with their purchases; and it is alleged that the defendant, Mildred Kless, in accepting payment, sold the frozen piece of steak.
The defense contends that frozen meats are exempt from the prohibitions of this section since it defines meats as “ fresh or salted ’ ’ and is silent on the point of ‘1 frozen ’ ’. To this view I do not hold. The language differentiates between cooked and uncooked meats, placing the accent on uncooked meats. Freezing is a process which keeps meats in a fresh state for indefinite periods; hence, frozen meats are uncooked fresh meats and within the prohibitions of section 2147 of the Penal Law.
The issue was also raised as to whether the defendant, an employee only, is the proper defendant; the argument being advanced that the owners should be charged with the violation. There is no bar to a corporation or partnership being charged with this misdemeanor. The defendant has no interest in the establishment. She has no voice in the policies of the market, as to what items of merchandise are to be carried, offered and sold to the public. To sell one must have title. Defendant derives no profit from the sale directly. She performs the menial task of receiving money for purchases from the business itself. Thus, this is no proof that the defendant herein intended to sell or offered for sale the prohibited meat, within the meaning of the statute, on a Sunday.
Then, too, I feel that in view of section 2149 of the Penal Law, which section orders a confiscation of exposed meats after a conviction for violation of section 2147, the proper defendant should be the owner or owners of said business for I fail to see how the court may order a confiscation of goods of one who is not a party to these proceedings. This confiscation statute refers to conviction of one having title. The defendant, as an employee, does not own the goods which were so exposed.
The motion of the defendant’s attorney that the defendant is not the proper party to be charged with offering for sale and selling the meats on Sunday is granted. The defendant is discharged.