James R. Creel, J.
These five companion cases involving the same two defendants were submitted on uncontroverted stipulated facts. Defendants predicate their defense to each of the charged violations of the Sabbath law on the contention that they fall within the exemption to that statute provided by section 2147-a of the Penal Law and section E51-1.0 of the Administra *946 tive Code of the City of New York, which hitter was enacted pursuant to the authority granted to the city by such former statute; and upon the interpretation of each of these statutes in the case of People v. Schwebel (44 Misc 2d 1035, affd. 16 N Y 2d 724 [1965]). A third statute is herein involved, since the last of the cases concerned an event which occurred on the 15th day of August, 1965, after tile effective date, namely, the 17th of July, 1965, of chapter 924 of the Laws of 1965. On that latter date this third statute took effect as the new section 2154 of the Penal Law, replacing and extending this exemption of the Sabbath laws from a city to a State-wide basis.
The uncontroverted stipulated facts of these cases before us are on all fours with those of People v. Schwebel (supra), with the exception that the corporate employer of the furniture salesmen, defendants herein, owned and operated three separate furniture stores, one at 46-10 Queens Boulevard, at which the defendants were employed, another such store at 62-12 Baxter Avenue, in Jackson Heights, Queens County, and a third such store at 2129 White Plains Road in Bronx County. The instant cases therefore present a multiple store operation, while in the Schwebel ease there was but one single store operated by the corporate employer of that defendant.
The question here presented therefore is, does the legislative exemption from the Sabbath law extend to multiple or chain store operations? There is nothing in the Schwebel case which throws light upon this question, since multiple or chain store operations were not even considered therein. Nor is there any mention of such stores in any of the legislative enactments; but it is noted that each contains limitations to the exemption in the language, “ proprietor and members of his immediate family ”.
The legislative history of the enabling statute is also bare of any mention or consideration of multiple or chain store operations but such information as we have been able to find does suggest that the legislators were concerned with bringing relief to the 11 poppa-momma store ” or “ the small neighborhood family store ”, in those areas where the Sabbath laws worked real hardships. An even clearer expression of legislative intent is found in the Report of the Committee on General Welfare of the City Council which recommended the adoption of the Local Law, wherein it is stated of this exemption: ‘ ‘ The bill limits the business so conducted, to the proprietor and members of his immediate family and 1 as the sole means of occupation of the proprietor. ’ It should be apparent that the measure affects only small'family-operated stores.” (Italics added.) (City Record, vol. 91, No. 27396, Sept. 19, 1963, p. 7644.)
*947 In varying degrees we share with many of the citizens of New York City the predilection that with the five-work-day two-leisure-day week, the more effective utilization of the existing facilities in this metropolitan area, not only for religious observance and worship but also of public parks, playgrounds, museums, libraries, transportation, golf links, parkways, etc., etc., might well suggest a well-thought-out recasting of the Sabbath law on a Saturday-Sunday two-day shift basis. But in the absence of clear-cut legislative resolution of this evolving issue, we share a doubt as to the propriety of Judges presuming to interpret or shape the as yet meager legislative enactments so as to give expression to such predilections. There is doubt that the issue here presented is one of law; there is apprehension that it is rather one of metropolitan policy.
Restraint must be exercised by the courts when attorneys and their clients seek to inject the judiciary and the limited judicial process into the solution or determination of policy or political problems.
The judicial process through which courts alone act is a most finely finished instrument for the solution of questions of law between litigants. But as to questions of policy the judicial process is a very limited instrument as to notice and opportunity to be heard, or as to hearing or considering other than the two sides to the litigation, though that policy issue may have great multiplicity of sides and interested parties. In this case we have heard only the attorneys for the law-enforcement agency and the commercial interest involved; there was no appropriate means for us to hear and consider the views of those charged with the spiritual, physical, mental and moral health and welfare of the mass of the citizenry, since they would have a most questionable standing in, and no notice whatever, of these particular prosecutions of these defendants and of the defenses presented herein. More appropriate means of achieving an orderly and comprehensive resolution of policy issues, for hearing and considering the views of all interested parties as well as all disinterested experts, are available in the legislative process. Is the tardy caution of legislators justification for rushing the judiciary and the limited judicial process into a more expeditious but piecemeal solution of policy issues? And if courts should continue to determine such policy issues,- however piecemeal, can we really expect legislators ever to bestir themselves to firmly grasp such nettly thorny problems?
Furthermore, it is most respectfully suggested, if courts under the guise of interpreting, shaping and moulding the law, should make a practice of resolving not only legal issues, but also all *948 policy issues brought before them, might not the much striven for rule of law evolve into a rule of courts and a tyranny of Judges? The heritage of the Sabbath which is received from the ancient wisdom of Biblical times, and the formulation of a fair and comprehensive law to safeguard its observance, is but one of many social problems wherein the judiciary might well exercise restrained discretion by remanding all such social issue to legislative study and solution. This we unanimously do.
Accordingly, we unanimously decline to extend the legislative exemption from the Sabbath laws of New York State to the multiple or chain store operation of which the two defendants were employees; we deny the defendants’ motions to dismiss; and find each defendant guilty of each charged violation of the Sabbath law.
Gomez, P. J., and Fitzpatrick, J., concur.