Frank A. Tate, Jr., J.
Defendant, Weston’s Shopper’s City, Inc., has been charged with having violated section 9 of the General Business Law for selling or permitting to be sold a pair of earrings and a cartridge of film. The informations allege the sales took place on November 29, 1970. The defendant has demurred to the informations on the grounds that the facts stated do not constitute a crime and that section 9 is unconstitutional.
Section 9 generally prohibits the sale of all merchandise on Sunday with certain enumerated exceptions. Defendant’s argument is based on the exception in subdivision 4 of section 9 for ‘ ‘ souvenirs ’ ’. It argues that the items in question are souvenirs within the meaning of the statute; and alternatively that the word souvenir is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment.
The court notes that the word souvenir must be construed according to its common and ordinary use (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 94, 232). In construing a word the courts may resort to dictionaries (id., § 234). The dictionaries consulted generally agree that a ‘‘ souvenir ’ ’ is that which serves as a reminder or remembrance. Necessarily the term depends upon the subjective state of the possessor of the object. Thus a person might very well buy an item of jewelry as a souvenir; and while a cartridge of film may not be possessed as a souvenir as such, a photograph which comes from a film *988 might well be possessed as a souvenir. This analysis brings out the problem in construing the word souvenir — it is not a word which may be objectively interpreted. Because of the foregoing, it is apparent that the court may not determine whether the items in question were souvenirs. It therefore rejects defendant’s first argument that the items are souvenirs within the meaning of the statute.
Defendant’s next argument is that the word souvenir is vague in violation of the due process clause of the Fourteenth Amendment. On this issue, the court has found persuasive the reasoning in the case of State v. Hill (189 Kan. 403) which struck down a Sunday closing law for vagueness. Like the New York law, the Kansas statute had a general prohibition against Sunday selling. As in the present case, the court was concerned with an exception to the general prohibition, the exception being one for “ articles of immediate necessity.” The court said (pp. 413-414): “ But the phrase ‘ or other articles of immediate necessity ’ has no objective meaning. There is no common, generally-understood meaning to this all-embracing term. It becomes meaningful only when applied to a specific article purchased under varying circumstances, which leaves open the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can adequately guard against. It could mean a variety of things to many different people. What may be an article of immediate necessity for one person to purchase on Sunday may be completely immaterial and even unwanted by another. Thus, whether an article is of immediate necessity depends solely upon the subjective judgment of one person based upon that of another. The phrase is so general and indefinite as to embrace not only acts properly and legally punishable, but those which are lawful and not punishable. # # ^
‘ ‘ Although the sale of goods on Sunday constituted an offense under the common law, and it is well settled that not every uncertainty which may exist in the operation or application of a criminal statute renders it void (State v. Ashton, supra), nonetheless, we are of the opinion the statute here considered (G. S. 1949, 21-955 and 21-956) is so vague, indefinite and uncertain that it fails to inform men of common intelligence what conduct on their part will render them liable to its penalties; that they must guess at its meaning and differ as to its application, and that it provides no reasonable definite standard of guilt which apprises them of the nature and cause of the accusation against them in violation of section ten of the bill of rights of the constitution of Kansas, and the fourteenth amend *989 ment to the constitution of the United States which provides that no state shall deprive any person of life, liberty of property without due process of law. ’ ’
Similarly in another case involving an exception for ‘ ‘ novelties, toys, souvenirs and articles necessary for making repairs and performing services,” the Supreme Court of North Carolina found the law so vague that men of common intelligence must guess at its meaning and differ as to its application, and held the statute unconstitutionally vague, uncertain and indefinite in violation of the due process clause of the State and Federal Constitutions (G. I. Surplus Store v. Hunter, 257 N. C. 206; contra, State v. Solomon, 245 S. C. 550, app. dsmd. 382 U. S. 204).
This court finds that the present statute, section 9 of the General Business Law in the exception for souvenirs suffers from the same deficiency found by the courts in the cases cited and therefore is constrained to hold section 9 of the General Business Law to be unconstitutional as violative of the due process clause of the Fourteenth Amendment (see Connolly v. General Constr. Co., 269 U. S. 385). In so holding the court is aware that the present law and its predecessor have been upheld on numerous occasions by the highest court in the State, the most recent case being People v. Friedman (302 N. Y. 75, app. dsmd. 341 U. S. 907). But in its research the court could find no cases in New York in which the precise ground asserted herein was raised. As the court in State of Kansas v. Hill (supra, p. 409-410) stated: “It is also urged that since the statute is over a century old and that the Kansas courts have been able to judicially apply it over that period is convincing and persuasive proof of its validity. It is true that previous decisions have been rendered in criminal cases involving the application of the statute, but, as previously noted, the state concedes it has not heretofore been challenged on the constitutional grounds presently urged. * * #
‘1 but the fact that an unconstitutional statute has been enacted and has remained in the statute books for a long period of time in no sense imparts legality. (Wyandotte County Comm’rs. v. General Securities Corp., 157 Kan. 64, 79, 138 P. 2d 479.) Age does not invest a statute with constitutional validity, neither does it rob it of such validity. (State v. Rogers, 142 Kan. 841, 848, 52 P. 2d 1185.) ”
Because of the importance of the present case, not only to the present defendant, but also to the some 38 other individual and corporate defendants whose cases are pending before this court, and indeed because of its importance to the citizens not *990 only of the town but of the entire State, the court has gone beyond the arguments raised in the briefs.
In reviewing the various arguments made pro and con for Sunday blue laws, the court was impressed with an argument made in an unpublished paper*, that the punishment aspects of the New York law are “ cruel and unusual ” in violation of the Eighth Amendment.
Section 4 of the General Business Law denominates ‘ ‘ Sabbath breaking ’ ’ a misdemeanor punishable by a maximum fine of $10 and/or imprisonment in a county jail not exceeding five days for a first offense. Section 12 provides that in addition to the penalty imposed by section 4, all property and commodities exposed for sale in violation of the provisions of this article shall be forfeited; arid that upon conviction of the offender by a Justice of the Peace, a warrant shall be issued for the seizure of the forfeited articles which shall be sold and the proceeds paid to the overseers of the poor.
The Eighth Amendment of the United States Constitution provides that: ‘ ‘ Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.”
In Trop v. Dulles (356 U. S. 88, 100-101), Chief Justice Waeren had occasion to observe that ‘ ‘ this Court has had little occasion to give precise comment to the Eighth .Amendment * * * The Amendment must draw its meaning from the evolving standards of decency that mark the process of a maturing society.”
The United States Supreme Court did give some guidelines for the application of the Eighth Amendment in the case of Weems v. United States (217 U. S. 349). In that case Weems had been sentenced to two years in irons at hard and painful labor imposed for the crime of falsifying public records. The Supreme Court characterized that law as (p. 377): “ cruel in its excess of imprisonment and that which accompanies and follows imprisonment. It is unusual in its character. Its punishments come under the condemnation of the bill of rights, both on account of their degree and hind.” (emphasis added)
In other words, the Weems doctrine was that sentences which were excessive or disproportionate to the crime violated the Eighth Amendment.
Upon conviction under the present article of the General Business Law for Sabbath breaking the defendant has a criminal record, a misdemeanor with all of the opprobrium attaching to *991 that status. He is also subject to a fine and imprisonment. Finally under section 12, all goods exposed for sale shall he forfeited. Conceivably this might entail the forfeiture of very substantial inventories.
Considering the evolving standards and mores of the present society, the argument is persuasive that the punishment sections relating to both status (criminal conviction), imprisonment and forfeiture may be violative of the Eighth Amendment. While this court need not decide that issue, it does respectfully suggest that such sanctions imposed by the present law be scrutinized by the Legislature if and when the Legislature acts to reconsider this statute in the future.
Because of this court’s decision that section 9 of the General Business Law is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment, the informations are dismissed and the defendant is discharged.

 Henry Mark Holzer, The Eighth Amendment and New York’s “ Sunday Laws ”.