Martin Schenck, J.
This is an appeal from a judgment of Justice Court, Town of Colonie (Tate, J.), which dismissed two informations by sustaining a demurrer based on the grounds that the facts stated do not constitute crimes because section 9 of the General Business Law is unconstitutional.
The procedural issue regarding the propriety of testing the constitutionality of a statute by demurring to an information may be summarily disposed of. A motion may be directed to the constitutionality of a statute, violation of which is alleged in an information. Whether the motion be technically referred *218 to as a demurrer is immaterial. The defendant is entitled to test the constitutionality of the statute at the outset of the criminal prosecution as has been done here.
The serious issue raised on this appeal relates to the constitutionality of section 9 of the General Business Law. Informations were laid against the defendant alleging violation of this section by reason of alleged sales of a pair of earrings and a cartridge of film on Sunday. The learned Justice of the Peace in an extensively researched opinion (People v. Weston’s Shoppers City, 64 Misc 2d 987) found the section, in question to be unconstitutional on the ground that an exception to the prohibition of Sunday sales dealing with “ souvenirs ” (§ 9, subd. 4) is, in his opinion, so vague as to be violative of the due process clause of the Fourteenth Amendment of the Constitution of the United States.
Section 9 of the General Business Law reads as follows in pertinent part: “ All manner of public selling or offering for sale of any property on Sunday is prohibited except as follows: * * * 4 Prepared tobacco, bread, milk, eggs, ice, soda-water, fruit, flowers, confectionery, souvenirs, newspapers, magazines, gasoline, oil, tires, cemetery monuments, drugs, medicine and surgical instruments may be sold and delivered at any time of the day ”. (Italics supplied.)
The import of the trial court’s opinion is that the word “ souvenir ” is impossible of sufficiently precise definition to enable the court to determine what “ souvenirs ” consist of. The lower court suggests that it cannot determine whether the items referred to in the informations are within the general prohibition of the law or are within the exceptions set forth in subdivision 4. Citing, among other authorities, G. I. Surplus Store v. Hunter (257 N. C. 206) the court found that the use of the word “ souvenirs ” in subdivision 4 of section 9 made the law so vague ‘ ‘ that men of common intelligence must guess at its meaning and differ as to its application ” (p. 989).
Accordingly, the court held, in effect, that because one cannot ascertain what is meant by “ souvenirs ” the entire section 9 of the General Business Law must fall as being unconstitutional. The rationale expressed was that if a person cannot determine what a “ souvenir ” is, any item might be deemed to fall in the category of “ souvenirs ” and, therefore, a person charged with a violation of the section could not be sufficiently apprised as to whether he would be guilty of a crime by selling on Sunday items of the nature referred to in the informations.
The issue involving the use of the word “ souvenirs ” in section 9 of the General Business Law has never been raised *219 to question the constitutionality of the section. The Court of Appeals, however, in People v. Friedman (302 N. Y. 75) found that section 2147 of the former Penal Law, predecessor to the statute now under consideration, was not unconstitutional within the purview of the Fourteenth Amendment as denying equal protection of law. Friedman also held that the statute was not violative of the First Amendment in that it did not infringe on religious freedom. The provision making exception of 1 ‘ souvenirs ’ ’ was in the law that was thereby held constitutional.
Although it may be conceded that a lower court might find an unconstitutional provision in a statute which had been approved by the Court of Appeals on other grounds, such determination must be made with great caution. It should be based only on a judicial finding that the entire law must be invalidated because of a clearly unconstitutional provision that was not scrutinized by the higher court. If interpretation can reasonably be ascribed to the provision at issue herein that would not destroy the entire structure of the statute, such interpretation should be adopted. The presumption favors constitutionality of an act of the Legislature. Legislative intent may not be thwarted merely because one disapproves of a law or finds it difficult of interpretation in application. The remedy for unpopular legislation or, for that matter, crystallization of legislative phraseology, is not for the courts in the absence of a most compelling showing that the law is violative of the Constitution.
Definition of the word ‘‘ souvenirs ’ ’ as employed in subdivision 4 of section 9 of the General Business.Law poses an issue of first impression in the State of New York. Somewhat analogous issues have been passed upon pro and con in other States. In Maine “ souvenirs and novelties ” have been found not to create such a vagme category of goods for sale as to render a statute unconstitutional. (Maine v. Fantastic Fair, 158 Me. 450.) In Kansas the term “ articles of immediate necessity ” was held to be an unconstitutionally vague term. (Kansas v. Hill, 189 Kan. 403.) Neither of those cases, however, even by analogy, reflects the context in which the language of subdivision 4. of section 9 of the General Business Law was employed by the New York Legislature.
Analyzing the word “ souvenirs ” in the context of subdivision 4, this court does not find it as difficult to interpret the legislative intent in employing such word as did the learned Justice below. General merchandising on Sunday is prohibited. The Legislature obviously realized, however, that not only necessity but the reasonable convenience of the public requires that certain things be available on Sunday. Appearing among the *220 items excepted from the Sunday sale prohibition are: ‘ ‘ Prepared tobacco # * * soda-water * * * confectionery, souvenirs, newspapers, magazines ’ The question presents itself as to what sort of establishment would ordinarily sell such items nearly a century ago when the law was originally enacted. (Section 2147 of the former Penal Law was derived from section 267 of the Penal Code, L. 1881, ch. 676.) Such establishments would certainly not include large department stores, men’s or women’s apparel stores, jewelry stores, hardware stores, camera supply shops, etc. Small so-called ‘ ‘ novelty ’ ’ or “sundry” shops which catered to people enjoying a day at a lake resort or a beach or even ice cream parlors in the city were obviously the types of places contemplated when the term “ souvenirs ” was employed. These establishments offered (there are some that still do) mementos of vacation areas such as pennants bearing the name of the resort, small dolls or like objects on which are stamped reference to nearby points of interest, etc. Certainly men’s and women’s clothing and accessories, hardware, jewelry and the like were not items carried in such establishments. The absence of litigation indicates that there was no difficulty in interpreting the word “ souvenirs ” in the days when only proprietors of such small ‘ ‘ novelty ’ ’ and ‘ ‘ sundry ’ ’ stores, along with drug stores and confectionery and ice cream shops, even thought of doing business on Sunday. What has happened is that large mercantile establishments, in the constantly growing competition among retail businesses of all sorts and the hustle and bustle of modern life, have started to offer everything on their shelves for sale on Sunday. First one business would open its doors on Sunday. Then the competition felt it had to follow. Now some want to make Sunday just another business day. Others want all the businesses shut down.
The solution of this dilemma is obviously for the Legislature, exactly as the Court of Appeals indicated in Friedman (supra). The right of the Legislature to regulate or prohibit Sunday business, furthermore, cannot be thwarted and the whole regulatory process destroyed because a court cannot find a nice precise definition of the word “ souvenirs ”. Ordinary reasonable men, however, can understand the term as meaning exactly what one thinks of as a “ souvenir ”. For example, one can reflect on a pennant or a boy’s sweat-shirt bearing the insignia “ New York ¡Giants ” as a souvenir of a Sunday football game. There also comes to mind a little wooden Indian or a small cushion stuffed with pine needles and imprinted with a legend such as “ Lake 'George ”. Such things reflect the pleasure of a Sun *221 day at an Adirondack resort. This common sense interpretation of the word gives validity to the Legislature’s intent in enacting section 9 of the General Business Law and conforms to the finding of the Court of Appeals that the law in its broad aspects and its public purpose is constitutional. One court cannot tell another tribunal how it should apply the law in passing upon any specific state of facts pursuant to which violation thereof is alleged. That proposition is common to any penal statute and is not peculiar to section 9 of the General Business Law. The broad picture, however, is clear. As long as section 9 is in effect, stores, large or small, selling general merchandise (wearing apparel, hardware, mechanical devices, jewelry, etc. etc.) do so at their own peril.
The Trial Judge admittedly went beyond the issues raised when he included in his opinion comments on the punishment prescribed for violation of section 9. He indicated that the pertinent penal provisions could give rise to extremely harsh punishment, disproportionate to the crime. That may be so and that may well be a matter for future consideration of the Legislature. However, for our instant purposes it need only be noted that punishment is in the discretion of the court within the limits fixed by the Legislature. If the trial court desires to impose a most modest penalty that is within the proper exercise of the court’s function. The validity of the statute is not affected by consideration of punishment.
An amicus curiae brief argues, in effect, that article 2 of the General Business Law (which includes § 9) is unconstitutional as violative of the First and Fourteenth Amendments. As noted above, the Court of Appeals has determined those issues in the Friedman case (supra) and this court is bound thereby. If, as argued, the validity of the Friedman opinion may be challenged on the basis of subsequent views expressed by the United States Supreme Court, the issue might be reviewed by the Court of Appeals. Friedman, however, has never specifically been over-ruled and continues to be the law of this State on the points raised on behalf of S. S. Kresge, Inc., and Albany Public Markets, Inc., amici curiae. The brief on behalf of Northway Mall, another amicus curiae, is somewhat to the same effect, specifying more particularly that section 9 violates constitutional guarantees of equal protection and due process. Nothing therein alters this court’s determination of such issues as expressed herein.
The judgments appealed from are reversed. The informations are remanded to Justice Court, Town of Colonie, for disposition by trial or otherwise.