Morton Weissman, J.
Defendant has been charged with violations on successive Sundays of section 9 of the General Business Law, which prohibits ‘1 all manner of public selling or offering for sale ” of property on Sunday unless the items sold are expressly excluded from the proscription of the statute. The case has been submitted to the court upon the following agreed stipulation of facts:
(1) Defendant and his father are the sole owners of East-way Automotive Distributors, Inc., located at 1809 Deer Park Avenue, Deer Park, County of Suffolk, State of New York. Defendant is the secretary-treasurer of said corporation and its operating and managing officer.
(2) On each of the Sundays mentioned in the information filed in the Suffolk County District Court under the above docket numbers, the defendant, in person, was actually engaged at work in the afore-mentioned premises.
(3) On the Sundays in question, the defendant sold or offered to sell property covered 'by section 9 of article 2 of the General Business Law, concerning sales on the Sabbath.
(4) That on the Sundays in question, there were two or three of the defendant’s employees also engaged in the defendant’s business at the premises: said business being the sale or offering for sale of merchandise of the type covered by section 9 of article 2 of the General Business Law.
(5) That on the 'Saturdays immediately preceding each of the Sundays afore-mentioned, the defendant closed his place of business and uniformly kept same as his holy time and did prior to the issuance of the first summons in the above docketed cases, post signs to the effect that his business establishment was closed on Saturdays and opened on Sundays and did himself conduct his business on Sunday, in the normal course of his business and in such manner as not to disturb the religious observance of the community.
(6) The defendant and his father are of the Jewish faith. Saturday constitutes the Jewish Sabbath and the defendant closed his premises on the Sabbath and opened on Sunday in *726 accordance with legal advice that by so doing would comply with section 10 of the General Business Law of the State of New York, both as an individual and under the authority of People v. Schwebel (16 N Y 2d 724 [July 9, 1965]).
Defendant relies upon the defense to the actions provided by section 10 of the General Business Law which states as follows:
“ Notwithstanding any other provision of law, it shall be a sufficient defense to a prosecution pursuant to this article, for conducting any trade or business or public selling or offering for sale of any property on Sunday, that the defendant
“(1) as the proprietor of such business, uniformly keeps another day of the week as holy time and keeps his place of business closed on the seventh day of the week,
“(2) does not himself labor, employ others to labor in, by or with another conduct a trade or publicly sell or offer for sale any property on the day he keeps as holy time,
“ (3) conducts such labor, trade or business in its normal course on Sunday by himself and members of his immediate family, and
“(4) so conducts such trade, public selling or offer to sell any property on Sunday in such manner as not to disturb the religious observances of the community.
‘ ‘ The term ‘ day of the week ’ as used in this section shall mean and include the period of time of not less than twenty-four consecutive hours commencing at or before sundown on one day and terminating at or after sundown on the following day.” (Added by L. 1967, ch. 680, § 39, eff. Sept. 1, 1967).
The case of People v. Schwebel (44 Misc 2d 1035, affd. 16 N Y 2d 724, supra) cited in the stipulated facts is conceded by the People to be almost identical in its facts. There it was held that the fact the defendant conducted his business with the assistance of employees, and further, that he operated in the name of a corporation, did not deprive him of the benefit of the statute (Penal Law, former § 2147-a; Administrative Code of City of New York, § E51-1.0), inasmuch as the conduct of the business was under the immediate supervision of the defendant and his family, and the statute did not proscribe the employment of 'persons to assist in the conduct of the business.
Since section 10 of the General Business Law was not added until 1967, two years after the decision in Schwebel, and since the defendant there was exculpated in accordance with a provision of New York City’s Administrative Code, the People question whether Schwebel may presently be applied State *727 wide and whether defendant can avail himself of the defense under section 10.
Section 2147-a of the Penal Law was an enabling statute authorizing the legislative body of any city with a population of one million or more to adopt a local law or ordinance setting forth standards whereby it would be lawful for a person to conduct trade or public selling on Sunday.
E51-1.0 of the Administrative Code of the City of New York was enacted pursuant to the authority granted to the city by section 2147-a and the standards defined in the Penal Law were adopted by the city code on a word for word basis.
The old Penal Law of 1909 was repealed by section 500.05 of the Penal Law of 1965, effective September 1, 1967. Section 2147-a thereof was superceded by an amendment to the General Business Law adding the present section 10, also effective on September 1, 1967 and which contains the old standards for exculpation in substantially identical language.
The court has carefully searched for reported decisions which have a bearing on the issue herein, namely: Does the construction given to the statute involved in Schwebel apply as well to section 10?
Research has revealed only one decision where section 10 is mentioned at all. In People v. Bielecki (56 Misc 2d 730 [Crim. Ct. of City of N. Y.]), the court held that section 10 was so ambiguous and vague as to preclude practical application. The court reluctantly concluded that section 10 offered no defense to the defendant and, as an aside, invited the Legislature to clarify the meaning of the section by amendment. No reference, whatever, was made to Schwebel. The so-called ambiguous language of section 10 remains unchanged.
In People v. Korman (47 Misc 2d 945, 946) the court declared the exemption not to be available to multiple or chain store operations but was intended to affect “‘only small family-operated stores.’ ”
The determination in Schwebel (44 Misc 2d 1035,1037, supra), that the statute exculpated the defendant although ‘ ‘ in conducting his business, he had the assistance of employees and that he conducted business in the name of a corporation of which he was the sole stockholder ”, was upheld by the Court of Appeals (16 N Y 2d 724).
It is the opinion of the court that the construction given in Schwebel applies as well to section 10 of the General Business Law and that it is the law of the State.
Judgment for the defendant dismissing the complaints.