John J. Walsh, J.
This is an appeal from a judgment of conviction wherein the appellant, Samuel Kur, the manager of Weston’s Shoppers City, was convicted in the Justice Court of the Town of New Hartford, of a violation of section 9 of the General Business Law of the State of New York. The conviction took place following a trial by jury on December 22, 1972, with the Hon. John P. Balio presiding. The appellant was sentenced on December 26, 1972 to a conditional discharge.
On December 7 and 8, 1972, before the trial, a hearing was held before Judge Balio to determine whether or not the information should be dismissed upon the ground that the prosecution was discriminatory. This procedure was authorized by People v. Utica Daw’s Drug Co. (16 A D 2d 12). At the conclusion of the hearing, the court determined that the prosecution was not discriminatory.
Prior to the trial, appellant moved for a dismissal upon the ground that he was not the proper defendant. This motion was denied.
Upon this appeal, six grounds for reversal are urged by appellant:
1. The statute was discriminaterily enforced in the instant case.-
2. Appropriate evidence was excluded at the discrimination hearing.
3. The appellant here was not a proper defendant.
4. The court erred in a review of the evidence, rulings and charge on the trial.
5. The statute is unconstitutional.
6. There was no proof that the appellant does not observe another day as the Sabbath.
Sunday laws have been on the statute books of the various States of the Union since the original colonies were settled. They expressed a policy of keeping holy the Sabbath day, which the ancient Hebrews observed on the seventh day and Christians observed on the first day of the week. Since the majority of American society were church-going Christians, Sunday was the designated day of rest.
The traditional legal attack upon the Sunday closing law was that it violated the First Amendment to the United States Constitution. In 1885, in Soon Hing v. Crowley (113 U. S. 703) Justice Field said (p. 710): *827 " Laws setting aside Sunday as a day of rest are upheld, not from any right of the government to legislate for the promotion of religious observances, but from its right to protect all persons from the physical and moral debasement which comes from uninterrupted labor.” (See, also, McGowan v. Maryland, 366 U. S. 420; Two Guys v. McGinley, 366 U. S. 582; Braunfeld v. Brown, 366 U. S. 599; Gallagher v. Crown Kosher Market, 366 U. S. 617 [1961].)
1. DISCRIMINATION HEARING
The complaining witness, a competitor of Weston’s, purchased merchandise at Weston’s Shoppers City, Inc., the defendant’s employer, and subsequently filed the complaint which was the subject of the prosecution. A hearing was held pursuant to People v. Utica Daw’s Drug Co. (16 A D 2d 12, supra).
The Albany Law Review (36 Albany L. Rev. 782) in an article entitled ‘ ‘ The Blue Laws Revisited ’ ’ commented (pp. 789-790): “ Utica evolved out of what is now an historical pattern of economic competition. The battle lines have been drawn well between the down-town retail merchants and the large discount houses located on major highway arteries in the suburbs. The discount houses do an excellent business when they remain open on Sundays in violation of the state Sunday closing law. The downtown department stores usually do not remain open on Sunday, not because they have a higher regard for the law, but simply because they couldn’t attract enough customers to make the day’s opening a profitable one. Such stores rely for the vast majority of their customers on office workers who are only in the inner city during the week. While at home on the week-end, these people are more likely to go to the nearby shopping center rather than travel to the center of the city where parking space is scarce. Consequently, the downtown merchants exert pressure on the local law enforcement agents to prosecute violators under the antiquated Sunday closing laws.”
The transcript of the hearing comprises 227 pages of testimony and many exhibits. The District Attorney was called as a witness for the appellant. He testified that an interview published shortly before in a local newspaper was basically correct and that he had said that to handle all the potential Sunday “blue laws ” cases in Oneida County would require double his present staff, and that if local police forces were required to spend all of their time on Sundays arresting store proprietors for Sabbath breaking, they would have no time to chase *828 robbers, burglars, rapists, murderers, kidnappers and thieves, or answer calls for assistance. He further testified that “ local practice has been to enforce the ‘ blue laws ’ only when a person files a complaint against a specific establishment. When a complaint is filed and processed through the courts, then we prosecute it.”
The zone commander of the State Police testified that it was not the policy of the State Police to investigate and make summary arrests for ‘ ‘ blue law ” violations, nor to sign accusatory instruments.
In People v. L. A. Witherill, Inc. (29 N Y 2d 446, 449) the Court of Appeals stated that a defendant has the burden of proof to demonstrate a “ pattern of discrimination consciously practiced”. Obviously the discrimination referred to is discriminatory practices by law enforcement agencies and not to the motives which may prompt a private complainant to file a complaint.
Judge Balio wrote in his decision on the hearing: “ It is the court’s opinion that once a private complaint is brought to the attention of the law enforcement agencies, that agency is then mandated to investigate the circumstances and prosecute the same within the Statute, or in the alternative, where a crime has been committed in the presence of law enforcement officers to make an arrest and enforce the law as prescribed by the statute. Nor does the court believe that at the argument of this motion that this is the forum for defense counsel to attack the validity of the information through the credibility of the complainant’s testimony based on either their employment and/or their motives; the credibility of such witness’ testimony is a matter for the jury to consider and not an issue at this time.” In this respect, the opinion was sound. (People v. L. A. Witherill, Inc., 29 N Y 2d 446, 449, supra; People v. Paine Drug Co., 22 AD 2d 156 [1964] revg. 89 Misc 2d 824, affd. 16 N Y 2d 503, cert. den. 382 U. S. 838 [1965].)
There are, of course, lower court decisions cited by the appellant which hold to the contrary but in view of Witherill (supra, 1972) they do not appear to be controlling here. (People v. Tornatore, 46 Misc 2d 908; People v. Fay’s Drug Co., 68 Misc 2d 143 [1971], as well as an unreported decision in People v. Fay’s Drugs of Vestal [1970].)
An examination of the transcript of the hearing on discrimination discloses no substantial errors therein. The decision of the trial court on discriminatory enforcement is affirmed.
*829 2. APPELLANT NOT PBOPEB PABTY
One issue has been raised by the appellant which this court has very carefully considered and which ought to have some appellate review. The question is clearly this — against whom do the prohibitions of the statute apply! The situation in New York State is quite confused, with a decided lack of uniformity in the decisions construing the statute, none of which appears to have reached the appellate state. Perhaps this case is an appropriate vehicle for such review.
Section 9 of the General Business Law provides that “ All manner of public selling or offering for sale of any property Upon Sunday is prohibited, except ’ ’ and then follows a long and complicated list of exceptions. The statute does not designate a particular person who violates the statute. Section 12 refers only to the “ offender ” and provides that upon conviction, all the property and commodities exposed for sale shall be forfeited.
The only case coming to our attention which relates to this question is People v. Kless (17 Misc 2d 7). In that case, the defendant’s sole function was to collect payment at a check-out station as the customers left a self-service meat market. The court dismissed the information, saying (p. 8):
“ The defendant has no interest in the establishment. She has no voice in the policies of the market, as to what items of merchandise are to be carried, offered and sold to the public. To sell one must have title. Defendant derives no profit from the sale directly. She performs the menial task of receiving money for purchases from the business itself.”
There is no record that the Kless opinion has received any appellate approval. It can be viewed as a judicial means to relieve a mere sales clerk from the onus of a criminal conviction which he incurs solely as a result of his employment and is granted in the interest of substantial justice and not of right.
On the trial the defendant-appellant testified that Weston’s department store had its headquarters at New York City and operated 10 stores; that he managed a New Hartford store, was the operator, overseeing functions of the store and had supervision of the employees; that he also had worked at another Weston’s store prior to this. He described Weston’s as a department store. The store had a 93,000 square feet of which 78,000 square feet were used as a selling area. He testified that there were 10 registers, one at each checkout counter and in the front of the store to the left of the entrance. He testified further that he did not act as a buyer, nor did he price items *830 that were to be sold, nor was he responsible for advertisements. He did not set the store hours, was not a shareholder or stockholder of the company, nor an officer, nor a director. He was paid an annual salary. The defendant said he opened the store on Sunday, November 19, 1972, that it was open from 12 noon to 6:00 p.m. He did not make the decision. The New York office directed him to open the store. The president did so at a meeting at the store on Kellogg Road in New Hartford, which meeting he attended. He said the store sold, among other items, oil, tires, drugs, medicines, confectioneries, flowers, both fresh and artificial; the foregoing items, among others, were offered for sale on Sunday, November 19, 1972. Exhibits 1A and 2A were shown to the witness who identified both items. Exhibit 1A was a statement of policy (white cardboard sign); Exhibit 2A was a yellow printed statement, a statement of policy. The defendant said that he had seen the exhibits before at the meeting in the office with the president and others when he was given instructions to open the store and post the exhibits on windows and check-out counters. Exhibit 1A was posted at every check-out register and 8 or more of Exhibit 2A posters were at the front entrances. Exhibits were posted through the store.
Exhibits 1A and 2A were identical in wording but differed in size. Each read:
A Statement of Policy
In February of this year the highest court in the State of New York determined that our 100 year old “Blue Laws ” were not unduly vague. Specifically, the court said that ordinary reasonable men and women could determine for themselves the meaning of the term “souvenirs”. We at Weston’s are asking you today to make such an interpretation.
It is Weston’s policy not to sell or to offer for sale on Sunday any items which are prohibited by the law.
“ Souvenirs ” may be sold on Sunday.
Webster’s Dictionary defines a “souvenir” as “something that serves as a reminder or a memento ”. If any item you select and purchase today reminds you, or someone to whom you intend to give it, of a person, place, or event, then it would constitute a “ souvenir ” within the dictionary definition (Christmas gifts are but one of many examples of this).
We are going to assume that any item which you select and attempt to checkout qualifies as a “ souvenir ” in your mind. The decision is yours and yours alone. We will respect your decision, and our cashiers, under this assumption, are instructed to checkout all articles, brought to the cash register by you. If, however, you feel that any item you select does not create a remembrance of a person, place or event, please tell the cashier and she will arrange to return that item to our shelves, for, as indicated above, we do not offer for sale and do not intend to sell any prohibitive items on Sunday.
Respectfully yours, Weston’s Shopper’s City, Inc.
*831 The items allegedly purchased were a perma-press men’s shirt; a package of Dura-Soap pads, and a gallon of Prestone. On cross-examination, the defendant said he was unable to say that these items were “ souvenirs ”, but thought that the shirt was. He further said that he had offered no objection to operating the store on a Sunday at the meeting with the president of the company when it was discussed that there might be a violation that could lead to arrest.
While the defendant is a salaried employee of the corporation, his duties and responsibilities exceeded those of a mere sales person. He acted as an agent for the corporation and participated in the meeting with the president and carried out the corporate orders, knowing that there was a good possibility that an arrest would follow.
The attempt by the posting of the signs, allowing the purchaser to determine whether his purchase was a “ souvenir”, to construe the holding in People v. Weston’s Shoppers City (68 Misc 2d 217, affd. 30 N Y 2d 572 [Feb. 18, 1972]) was mentioned but not seriously argued on this appeal and in the opinion of this court cannot serve to change the clear provisions of the law. As the court said in People v. Kupprat (6 N Y 2d 88, 90) “ We must read statutes as they are written and, if the consequence seems unwise, unreasonable or undesirable, the arguement for change is to be addressed to the Legislature, not to the courts. ’ ’
The defendant in this particular case, was a proper party.
3. TRIAL ERRORS
The transcript of the testimony taken on the trial has been examined. No material or substantial errors in the receipt of evidence can be found and the Trial Justice fairly and adequately charged the jury.
4. THE CONSTITUTIONALITY OF THE STATUTE
The constitutionality of the statute has been passed upon several times by the courts of this State. (People v. L. A. Witherill, Inc., 29 N Y 2d 446, supra; People v. Weston’s Shoppers City, 30 N Y 2d 572, supra.)
5. OBSERVANCE OF ANOTHER DAY AS SABBATH
Appellant predicates this defense on the contention that he falls within the exemption of section 10 of the General Business Law which provides that it is a defense to a prosecution for conducting business on Sunday “ that the defendant (1) as the proprietor of such business, uniformly keeps another day of *832 the week as holy time and keeps his place of business closed on the seventh day of the week, (2) does not himself labor, employ others to labor in, by or with another, conduct a trade or publicly sell or offer for sale any property on the day he keeps as holy time, (3) conducts such labor, trade or business in its normal course on Sunday by himself and members of his immediate family, and (4) so conducts such trade, public selling or offer to sell any property on Sunday in such manner as not to disturb the religious observances of the community.”
It is clear that the purpose of this provision was to relieve the economic hardship to the “ momma-poppa ” store or the “ small neighborhood family store ” in localities where the Sunday laws would result in forcing those who observed the Sabbath on Saturday to be closed on two days of the week. It was never intended to apply to multiple or chain store operations. (People v. Korman, 47 Misc 2d 945 [1965].)
There are two cases which are clearly distinguishable from the holding in Korman. In People v. Schwebel (44 Misc 2d 1035, affd. 16 N Y 2d 724) it was held that the fact that a defendant conducted his business in the name of a corporation, with the. assistance of employees, did not deprive him of the benefit of the exemption personally.
In People v. Rosenthal (74 Misc 2d 724) the defendant was the secretary-treasurer of a corporation of which he and his father were the sole owners. The court followed Schwebel and dismissed the information. In both cases, the defendant’s use of a corporate name did not destroy his personal exemption.
Here, the argument seems to be that the defendant may observe a different Sabbath personally and thus exempt him as the agent of the corporate employer. This court holds that this defense is unavailable to him.
The judgment of conviction is affirmed, and the court reiterates that an appellate review might be of considerable value to all the courts of our State as well as to the law enforcement agencies.